UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| HERSCHEL SEIFERT, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 0:10-77-HRW |
| ) | |
| v. ) | |
| ) | |
| J.C. HOLLAND, *Warden*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Herschel Siefert, confined in the Federal Prison Camp in Ashland, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. [D. E. 2]. Seifert has paid the $5.00 filing fee and the matter is ripe for disposition.

The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa.1979); *see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970).

Seifert alleges that his federal sentence violates his right to due process of law guaranteed under the Fifth Amendment of the United States Constitution. Because Seifert has not shown that his remedy under 28 U.S.C. § 2255 was inadequate and ineffective to challenge his sentence, his § 2241 petition will be denied and this proceeding will be dismissed.

## LITIGATION HISTORY
### 1. Conviction and Appeal

In 1998 Seifert pleaded guilty to federal drug and associated money laundering offenses in the United States District Court for the Southern District of Indiana. *United States v. Seifert*, 3:97-CR-00019 (S. D. Ind.) ("the Trial Court").[1] The Trial Court imposed a 240-month prison term and did not reduce Seifert's offense level by three points for acceptance of responsibility.

On appeal, Seifert argued that the Trial Court should have applied the three-point reduction for his acceptance of responsibility. The Seventh Circuit affirmed, finding that the Trial Court did not abuse its discretion because Seifert's conduct had not been consistent with genuine acceptance of responsibility. *United States v. Seifert*, 172 F.3d 54, 1998 WL 903788 at * 1 (7th Cir. December 15, 1998) (Table).

---

[1] Seifert pleaded guilty to one count of conspiring to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 846, and one count of conspiring to launder the proceeds of his drug trafficking, *see* 18 U.S.C. § 1956(a)(1)(A)(i), (h).

Specifically, the court noted that when Seifert was released on bond, he used methamphetamine which agents found at the time of his arrest; he sent more of that drug to an acquaintance, leading to his second arrest; and fled to Mexico when he was released on bond a second time, where he was again arrested. *Id.* The Court stated that Seifert's actions constituted "untoward conduct 'inconsistent with... acceptance of responsibility.'" *Seifert*, 1998 WL 903788, at *1 (citing U.S.S.G. Section 3E1.1).

## 2. Prior Collateral Challenge

Five years later, Seifert filed a motion in his closed criminal case either to compel the government to comply with and perform his Plea Agreement, or allow him to withdraw it pursuant to Fed. R. Crim. P. 32(d) and Amendment to Rule 11(e). Seifert alleged that at sentencing, the government made statements which caused the Trial Court to deny him a downward departure under the sentencing guidelines for acceptance of responsibility, thus breaching the terms of the Plea Agreement.

The district court construed Seifert's motion as one pursuant to 28 U.S.C. § 2255, opened a new civil action, and ordered the government to respond. When the government argued that Seifert had missed the one-year deadline for filing a motion to vacate his sentence under 28 U.S.C. § 2255, Seifert asked the Trial Court not to construe his filing as a § 2255 motion, arguing that it had authority to grant his motion based on either the Federal Rules or common law authority. The Trial Court

3

concluded that it lacked the inherent authority to modify a previously imposed sentence; denied the motion for lack of jurisdiction; and dismissed without prejudice the § 2255 proceeding which it had opened. Seifert appealed.

The Seventh Circuit affirmed the ruling, finding that because the Trial Court lacked "inherent authority" under 18 U.S.C. § 3582(c) to modify Seifert's term of imprisonment after it was imposed, it properly denied his motion for lack of jurisdiction. *United States v. Seifert*, 132 F. App'x 647, 648 (7th Cir. 2005). In response to Seifert's argument that he was merely trying to *enforce* his plea agreement, not modify it, the court explained that Seifert should have filed a motion under 28 U.S.C. § 2255 seeking either specific performance of the Plea Agreement or permission to withdraw it because it allegedly violated the Constitution or laws of the United States. *Id*. The court held that because Seifert "did not want to pursue that route," the Trial Court correctly denied his motion for lack of jurisdiction. *Id*.

In the instant § 2241 petition, Seifert alleges that the federal government breached the terms of its Plea Agreement with him; that the Trial Court imposed a 20-year sentence instead of a 17.5 year sentence as recommended in the Plea Agreement, and that the Trial Court improperly denied him a 3-point reduction on his sentence for his acceptance of responsibility. Seifert asks this Court to enforce the terms of his Plea Agreement so that his sentence is consistent to its terms.

## DISCUSSION

Seifert is not entitled to relief under § 2241 because he fails to show that his remedy in the Trial Court under 28 U.S.C. § 2255 was inadequate or ineffective to challenge the legality of his detention. Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)).

There is one exception to this rule: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). But a federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his remedy under § 2255 is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319

F.3d 799(6th Cir. 2003).

Seifert cannot show that his § 2255 remedy was inadequate or ineffective because he learned at sentencing that he would not receive a 3-point reduction for acceptance of responsibility <u>and</u> that the sentence imposed would be for a term longer what had been discussed during plea negotiations. The only issue he appealed was the denial of the 3-point reduction for acceptance of responsibility, but as discussed, he was unsuccessful in that effort. Seifert had a year from the date his criminal judgment became final in which to file a § 2255 motion in the Trial Court challenging alleged fundamental defects in his sentence, including the denial of the 3-point offense level reduction for acceptance of responsibility. He did not avail himself of that remedy, even when the Trial Court liberally construed his motion to enforce the plea agreement as a § 2255 motion. Seifert responded that he was not seeking relief under § 2255 and sought an equitable remedy under other authorities.

Challenging issues which could or should have been addressed at trial, on appeal, or through a motion to vacate, does not establish grounds for relief pursuant to 28 U.S.C. § 2241. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their

6

actual innocence").

Seifert now alleges that the Trial Court allowed the government to "breach" the Plea Agreement and that the Trial Court failed to properly compute his sentence **and** apply the 3-point reduction for accepting responsibility. These claims, however, ignore the rule that a prisoner challenging either a federal conviction or sentence to first present such claims to the Trial Court under § 2255. Section 2241 is available only to the rare habeas petitioner who can show that his § 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The remedy under § 2255 is not "inadequate and ineffective" where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F.3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

As the Seventh Circuit explained, Seifert's motion to enforce his Plea Agreement under § 3582 was not a substitute for a § 2255 motion. *Seifert*, 132 F. App'x at 648. Section § 3582 is limited in scope, allowing a defendant to seek a sentence reduction because of a retroactive federal sentencing amendment. *United States v. Jackson*, 108 F. App'x, 338, 340 (6th Cir. 2004). However, claims challenging an incorrect sentence must be raised on direct appeal or in a § 2255 motion. *United States v. Carter*, 500 F.3d 486, 491 (6th Cir. 2007). Again, Seifert

resisted the Trial Court's attempt to classify his § 3582 motion as one falling under § 2255, probably because by that time, the one-year time-period in which to file a § 2255 motion had long expired.

As *Charles* dictates, Seifert's failure to file a § 2255 motion in the Trial Court challenging his sentence does not mean that § 2255 was either an inadequate and ineffective means to challenge his sentence. Section §2241 is not a catch-all remedy to assert claims that could have been brought under §2255. *Charles*, 180 F.3d at 758. Under the facts as alleged, Seifert fails to show that his § 2255 remedy was inadequate or ineffective to challenge his detention, so § 2241 relief is not available.

The only other circumstance under which § 2241 can be invoked through the savings clause of § 2255 arises when the movant alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Seifert has not alleged an applicable intervening change in the law or any

extraordinary circumstances suggesting that he is actually innocent of the underlying drug and money laundering offenses for which he is serving his sentence. Because Seifert challenges only the length of his sentence, he asserts at best claim of "legal innocence," not "actual innocence." Federal courts have not extended the savings clause to petitioners challenging only their sentences. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *see also Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009).

Seifert can not demonstrate actual innocence because the Plea Agreement he signed vested the Trial Court with complete authority to impose the sentence and expressly provided that the parties' sentencing recommendations were not binding on the Trial Court.[2] Further, the Seventh Circuit affirmed Seifert's sentence, specifically

---

[2]

Under the Section of the Plea Agreement entitled "General Provisions," Seifert agreed as follows:

. . .

    3. Seifert understands that, should the Court accept this plea agreement, he will be sentenced pursuant to the Sentencing Guidelines established by the United States Sentencing Commission. Seifert understands that the final determination concerning the applicable guideline calculations, criminal history category, and sentencing guideline range, as well as the final sentence to be imposed, will be made by the Court.

    4. Seifert acknowledges that this plea agreement is governed by Fed. R. Crim. P. 11(e) (1) (B) and that the determination of his sentence is within the discretion of the Court. Seifert understands tnat if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different

finding no abuse of discretion in denying the 3-point offense level reduction in light of his brazen conduct following his two arrests. These facts eliminate any asserted or construed claim of actual innocence.

Seifert alleges no facts sufficient to invoke either the savings clause of § 2255 or the extraordinary provisions of § 2241. He has not shown either that his § 2255 remedy was inadequate or ineffective to challenge his sentence, or that he is actually innocent of the underlying drug and money laundering offenses of which he was convicted. Consequently, he is not entitled to relief under § 2241. *See Raymer v. Barron*, 82 F. App'x 431 (6th Cir. 2003); *Coles v. United States*, 177 F. Supp.2d 710, 713 (N.D. Ohio 2001). Seifert's § 2241 petition will be denied.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Herschel Seifert's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [D. E. 2], is **DENIED**; and

(2) This action will be **DISMISSED**, *sua sponte*, from the docket of the

---

sentencing guideline range applies in this case, or decides to depart from the otherwise applicable sentencing guideline range pursuant to 18 U.S.C. § 3553(b}, then Seifert will not be permitted to withdraw his plea of guilty for that reason and will be bound by his plea of guilty.

*See* Attachment to Petition, [D. E. 2-2, pp. 2-3].

Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Warden J.C. Holland.

This 7th day of January, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge